# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PABLO LOPEZ-RUBIO,<br><br>                          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                          Respondent. | Case No.: 15-CR-0263 W-1<br>             16-CV-1422 W<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [15-CR-0263 W-1, DOC. 37]**<br><br>**28 U.S.C. § 2255** |

Petitioner, proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Petition"). [15-CR-0263 W-1, Doc. 37.] The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **DENIES** the Petition.

//
//
//
//
//

1

On December 7, 2015, judgment was entered against Mr. Juan Pablo Lopez-Rubio for importation of heroin in violation of 21 U.S.C. §§ 952 and 960. (*Judgment* [15-CR-0263 W-1, Doc. 36].) Mr. Lopez-Rubio was sentenced to 37 months in the custody of the Bureau of Prisons, to be followed by three years' supervised release. (*Id.*)

On June 6, 2016, Mr. Lopez-Rubio filed the Petition, which appears on a single loose page. [15-CR-0263 W-1, Doc. 37.] It contains no contentions beyond a single sentence vaguely referencing "Rule 11," "the Fifth [Amendment,]" and "due [process] rights." (*Id.*)

Accordingly, on March 6, 2017, the Court ordered Petitioner to fill out Form AO243-Motion to Vacate/Set Aside Sentence (Motion Under 28 U.S.C. § 2255) on or before Wednesday, April 5, 2017. At the direction of the Court, the Clerk mailed Petitioner a copy of the relevant form on March 6, 2017. [15-CR-0263 W-1, Doc. 44.]

More than ten months have now passed since the deadline set in the Court's previous order. Petitioner has not filed the form identified in the prior order. Nor has he otherwise supplemented his original submission. Petitioner's Plea Agreement contains a collateral attack waiver. (*Plea Agreement* [Doc. 24] 9–10.) See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) ("A knowing and voluntary waiver of a statutory right is enforceable."). Despite ample time, Petitioner has failed to identify any issues, let alone to identify issues outside the scope of the waiver.

The Petition is **DENIED**. The Clerk is directed to close the associated civil case.

**IT IS SO ORDERED**.

Dated: February 15, 2018

Hon. Thomas J. Whelan
United States District Judge

2